## Case No. 4,310.

### The E. H. COFFIN.

[16 Blatchf. 421;[1] 8 Reporter, 297.]

Circuit Court, S. D. New York. June 23, 1879.[2]

Beebe, Wilcox & Hobbs, for libellants.

R. D. Benedict and A. Stewart, for claimants.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Affirming Case No. 4,309.]

W. R. Beebe and F. A. Wilcox, for libellants.

R. D. Benedict, for claimant.

WAITE, Circuit Justice. From the evidence, it is clear, to my mind, that, when the Coffin was discovered from the Christian, the vessels were headed on courses which crossed the bow of the Christian. The Coffin was, undoubtedly, inside the Christian, and, had she been going directly up stream, no collision would have occurred. The Christian, being intent on securing her tow, and competing with the Beard, evidently bent on the same purpose, was, possibly, less observant of the actual movements of the Coffin than she otherwise would have been. She was anxious to pass by the left, and promptly signified, in reply, her desire to keep her course to the right, and, in doing so, but repeated her former signal, which had not been heard by the Christian. As the Christian had the Coffin on her starboard side, approaching so as to involve a risk of collision, it was the duty of the Christian to keep out of the way, and of the Coffin to hold her course. The obligation of the Coffin to keep her course was as imperative as that of the Christian to keep out of her way. The Christian, in making her calculations, was bound to act on the understanding, that the Coffin need not change her course unless she chose. There can be no doubt, that, if the Christian had promptly ported her wheel, she would have passed to the right in safety. She preferred passing to the left, and kept on, without changing her course of speed, or obtaining the consent of the Coffin to change hers, until the two were so close together that a collision was inevitable. A steamer which is bound to keep out of the way of another approaching so as to involve a risk of collision, has no right to attempt to pass to the left, unless there is an imperative necessity for it, if that involves a change of course or speed by the other, until she has obtained the consent of the other to such a movement. The Christian was guilty of a palpable violation of this rule. There was no difficulty whatever in her passing to the right, or, if she preferred, in stopping until the Coffin had crossed her bow. Instead of that, she kept on until the Coffin declined to permit her to go to the left, and then it was too late. This was the sole cause of the collision, and the judgment of the district court was right. Let a decree be prepared dismissing the libel.